UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEXTER HATTEN MURPHY ) | |
| ) | |
| vs. ) | Case No.  2:13-cv-08051-VEH-HGD |
| ) | |
| UNITED STATES OF AMERICA ) | |

### MEMORANDUM OPINION

On March 24, 2014, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge.  On April 4, 2014, petitioner filed objections to the magistrate judge's report and recommendation.

In his objections, petitioner contends that the court should excuse his late filing and consider his claims of ineffective assistance of counsel because he is actually innocent of the sentence enhancement and, but for ineffective assistance of counsel, he would have been sentenced without the enhancement.  He relies on *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

First, the court notes that petitioner argues that he was actually innocent of a gun enhancement.  He claims that his attorney's ineffective assistance caused him to be

sentenced with multiple gun enhancements although his prior conviction was not a predicate offense which could establish eligibility for an enhanced sentence under U.S.S.G. § 2K2.1(4). (Doc. 9, Objections, at 19). However, petitioner was convicted of a drug offense under Title 21, rather than a firearms offense under Title 18; therefore, his sentence was not enhanced under § 2K2.1. Instead, his sentence was enhanced pursuant to 21 U.S.C. § 851.

Petitioner also contends that the magistrate judge erred in dismissing his § 2255 motion without requiring a response from the Government. (*Id*. at 20). However, the magistrate judge did not recommend summary dismissal of the § 2255 motion, and the Government did file a response (Doc. 5), to which petitioner filed a reply (Doc. 7), before entry of the report and recommendation.

*Holland* recognized that a prisoner is entitled to equitable tolling of the one-year statute of limitations on petitions for federal habeas relief only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing of the petition. 560 U.S. at 649, 130 S.Ct. at 2562. *Holland* was decided in the context of a claim by the petitioner that his attorney wholly failed to file a timely habeas petition, effectively abandoning him, despite the petitioner's diligence in attempting to get his attorney to timely file the petition. The case was remanded by the Supreme Court to the district court to

determine whether the particular facts and circumstances would warrant equitable tolling.

Petitioner's assertion that he is entitled to equitable tolling is foreclosed by the Eleventh Circuit's opinion in *Stevens v. United States*, 466 Fed.Appx. 789 (11th Cir. 2012). In *Stevens*, the Eleventh Circuit was called upon to decide whether "actual innocence" applied to a career offender sentence that had been final for nine years after a plea agreement that waived an appeal. The Eleventh Circuit held:

> The limitations period may be equitably tolled "if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.), cert. denied, ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011) (quotation marks omitted). A court also may consider an untimely § 2255 motion "if, by refusing to consider the [motion] for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." *Id.* at 1267-68. The actual innocence exception has been applied to actual innocence for the crime of conviction and actual innocence of a capital sentence. *McKay v. United States*, 657 F.3d 1190, 1196-97 (11th Cir. 2011). The actual innocence exception is a narrow exception that requires factual, not merely legal, innocence. *Id.* at 1197-98.
>
> \* \* \* \* \*
>
> The actual innocence exception is inapplicable in this case. Like the petitioner in *McKay*, Stevens asserts that his conviction for possession of cannabis can no longer support a career offender enhancement under § 4B1.1. Specifically, Stevens asserts that his conviction for possession of cannabis cannot support the § 4B1.1 enhancement because: (1) that conviction no longer qualifies as a controlled substances offense, and (2) the Florida statute under which he was convicted is unconstitutional.

> Significantly, Stevens does not assert that he did not commit possession of cannabis. Because Stevens's arguments center on the legal classification of the crime of possession of cannabis, his claim is one of legal, not factual, innocence. *See McKay*, 657 F.3d at 1199. In *McKay*, we "decline[d] to extend the actual innocence of sentence exception to" such legal claims. *Id.* Thus, Stevens has not excused the procedural deficiencies facing his motion to vacate, and we affirm the dismissal of his motion to vacate [on statute of limitations grounds].

*Id.* at **2-**3.

That petitioner is not entitled to equitable tolling of his § 2255 motion is further illustrated by the well-reasoned opinion in *Kizziah v. United States*, 2014 WL 51282 (N.D.Ala. Jan. 7, 2014), in which the court considered a claim of actual innocence to overcome the § 2255 statute of limitations. The court stated that the Supreme Court and the Eleventh Circuit have recognized the actual innocence doctrine in only two contexts: where the defendant claims that he is actually innocent of the crime of conviction and where a defendant claims that he is actually innocent of a capital sentence, citing *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011), and *Dretke v. Haley*, 541 U.S. 386, 388, 124 S.Ct. 1847, 1849, 158 L.Ed.2d 659 (2004). However, the court held that because Kizziah did not claim that he was actually innocent of the crime of conviction and because his sentence, even as enhanced under the Armed Career Criminal Act, was not a capital one, he did not make a showing of actual innocence.

The same is true in petitioner's case. He does not claim that he was actually innocent of the crime of distribution of crack cocaine, and his sentence of 240 months was not a capital sentence. Further, he does not point to any evidence demonstrating that, as a matter of fact, he did not commit the drug offenses that formed the predicate for the court's determination that he was subject to an enhanced sentence pursuant to 21 U.S.C. § 851. Therefore, the magistrate judge correctly concluded that the § 2555 is due to be dismissed as time-barred.

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge as amplified hereby. The court further ACCEPTS the recommendations of the magistrate judge that the Motion to Vacate, Set Aside or Correct Sentence be dismissed as time-barred.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this the 9th day of April, 2014.

                                                                                      **VIRGINIA EMERSON HOPKINS**
                                                                                      United States District Judge